| | |
|---|---|
| RATTET PASTERNAK, LLP<br>*Attorneys for the Debtor*<br>550 Mamaroneck Avenue<br>Harrison, New York 10528<br>(914) 381-7400<br>Jonathan S. Pasternak, Esq. | **Presentment Date: November 16, 2012**<br>**Presentment Time: 12:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
In re:                                                                             Chapter 11

MHM EQUITIES LLC,                                              Case No. 12-41291-JF

                                  Debtor.
-----------------------------------------------------------X

## DEBTOR'S MOTION FOR AN ORDER
## DISMISSING CHAPTER 11 CASE

**TO:  THE HONORABLE JEROME FELLER,**
       **UNITED STATES BANKRUPTCY JUDGE:**

MHM Equities LLC, the above captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Rattet Pasternak, LLP, files this motion (the "Motion") for an Order, pursuant to §§105, 305 and 1112(b) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"), dismissing the Debtor's Chapter 11 proceeding, respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this Motion under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b) (2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2.     The statutory bases for the relief requested herein are §§105(a), 305 and 1112 of

the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u> <u>Rules</u>").

## BACKGROUND

3. On February 24, 2012, (the "<u>Filing Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor's case was filed as a "single asset real estate" case as defined in §101(51)(B) of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its business affairs as debtors-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

4. The Debtor owns and operates a 35 unit, 5 story walk-up, multi-residential rental real property located at 836 Faile Street, Bronx, NY 10474 (the "Property"). The Debtor filed the instant chapter 11 proceeding to allow it the opportunity to reorganize its affairs.

5. The Property has an approximate fair market value of $1,200,000 and has a first and second priority secured mortgages in the approximate aggregate outstanding amount of $2,900,000 originally held by Astoria Federal Savings and Loan Association ("Astoria"). As the Court is aware, the loan was subsequently assigned, during the chapter 11 case, to Stabilis Fund II, LLC (the "<u>Stabilis</u>").

6. After the acquisition of the Property in 2004, the Debtor was forced to make significant capital expenditures and renovations due to the extremely poor condition of the Property. The Property is also located in the Hunts Point section of Bronx, where has a very impoverished population plagued by crime, drug abuse and poverty. In addition, many of the Debtor's tenants under NYC shelter programs have not been able to pay rents, and the Debtor has been involved in 6 to 12 month eviction processes. The evicted tenants often leave their

vacated apartments in a state of total disrepair, requiring complete repair and renovation.

7. Despite the Debtor's painstaking efforts and infusion of capital to rehabilitate and re-let the Property, the Debtor is still not generating enough revenue to maintain any meaningful debt service to Stabilis, and there is admittedly no equity in the Property. As such, there is no possibility of reorganization of the Debtor's affairs.

## BASIS FOR RELIEF SOUGHT

8. Pursuant to §305(a)(1) of the Bankruptcy Code, "[t]he court, after notice and a hearing, may dismiss a case ...at any time if – the interests of creditors and the debtor would be better served by such dismissal."

9. Additionally, the Court is granted the authority to dismiss a Chapter 11 proceeding in §1112(b)(1) of the Bankruptcy Code which provides that the Court may dismiss a Chapter 11 case provided that the movant establishes cause.

10. §1112(b)(4)(A) states that cause exists for dismissal of chapter 11 proceeding when there is no likelihood of rehabilitation. Given the Debtor's lack of assets and operations, there is no likelihood of the Debtor being able to reorganize its affairs.

11. In light of the foregoing reasons, the Debtor believes that cause exists to dismiss its Chapter 11 case. Furthermore, since the Property is not generating sufficient revenues to fund a plan, and the Property has no equity, the Debtor no longer has any means to reorganize.

12. Thus, the Debtor respectfully requests that its chapter 11 proceeding be dismissed.

## NOTICE

13. This Motion is being served on notice to (i) the Office of the United States Trustee, (ii) all creditors, and (iii) all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d).

## **CONCLUSION**

14. Based upon the foregoing, the Debtor respectfully submits that dismissal is both appropriate and warranted under §§105, 305 and 1112(b) of the Bankruptcy Code.

**WHEREFORE,** the Debtor requests that the Court enter the proposed Order dismissing the Debtor's Chapter 11 proceeding, annexed hereto as **Exhibit "A"**, together with such other and further relief as is just and proper.

Dated: Harrison, New York
October 25, 2012

                                   RATTET PASTERNAK, LLP
                                   *Attorneys for the Debtor*
                                   550 Mamaroneck Avenue
                                   Harrison, New York 10528
                                   (914) 381-7400

                                   By: __*/s/ Jonathan S. Pasternak*_____
                                           Jonathan S. Pasternak